IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| DAVID JONES,<br><br>                Plaintiff,<br><br>v.<br><br>LAW OFFICES OF KIRK A. CULLIMORE, LLC, and HONORABLE CHARLENE BARLOW<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR ADR<br><br>Case No. 2:15-CV-694 TS<br><br>District Judge Ted Stewart |
|---|---|

This matter is before the Court on Defendants Judge Charlene Barlow and the Law Offices of Kirk A. Cullimore LLC's ("Cullimore") Motions to Dismiss. Plaintiff has also filed a Motion to Refer Case to ADR for Mediation/Arbitration. For the reasons outlined below, the Court will grant both Defendants' Motions and deny Plaintiff's Motion for ADR.

                I.      BACKGROUND

R.C. Willey Home Furnishings ("R.C. Willey") filed a complaint against Plaintiff in the Utah Third District Court on January 29, 2012. Judgment for R.C. Willey was entered on February 7, 2013. Plaintiff—proceeding *pro se* and *in forma pauperis*—appealed, arguing that he did not receive notice of R.C. Willey's motion for summary judgment. R.C. Willey conceded it inadvertently mailed its motion for summary judgment and subsequent request to submit to an outdated P.O. Box no longer used by Plaintiff. Accordingly, the Utah Court of Appeals remanded the case to allow Plaintiff to respond to its motion for summary judgment.

1

On remand, Judge Barlow, the judge overseeing the action, entered a default judgment[1] against Plaintiff on November 3, 2014, for his failure to appear at a pretrial conference. Plaintiff appealed, arguing he did not have notice of the pretrial conference and that Judge Barlow lacked jurisdiction. This time the Utah Court of Appeals affirmed the lower court, noting that parties have a duty to update the court with a valid mailing address. The court also noted that Plaintiff's answer constituted a general appearance and, thus, vested the trial court with jurisdiction.[2]

Thereafter, Plaintiff filed a Complaint in this court against R.C. Willey's attorneys, Cullimore, and Judge Barlow. Plaintiff submitted his Complaint and a request to proceed *in forma pauperis* on September 28, 2015. After the court granted Plaintiff's request on January 7, 2016, his Complaint was placed on the docket the same day. He served Defendants on April 5, 2016.

Plaintiff alleges that Cullimore violated § 1692e(5) and (13) of the Fair Debt Collection Practices Act ("FDCPA"). He claims Cullimore violated the Act by "communicating information which is known to be false."[3] Specifically, "[t]he known communication to be false is the certificate of mailing containing the intentionally wrong mailing address conveniently used at critical times regarding important pleadings by Defendant Cullimore, for the express purpose of depriving the Plaintiff the opportunity to respond and oppose the pleading."[4] Plaintiff alleges that "mailing pleadings to intentionally incorrect addresses" is Cullimore's standard practice.

---

[1] The trial court ordered Plaintiff to pay principal and interest on his unpaid debt, court costs, and attorney's fees.

[2] *See Barlow v. Cappo*, 821 P.2d 465, 466–67 (Utah Ct. App. 1991).

[3] Docket No. 4 ¶ 39.

[4] *Id.* ¶ 40.

Plaintiff states that this deprived him of Due Process of law and the right to be heard.

Plaintiff also alleges that Judge Barlow violated his civil rights under 42 U.S.C. § 1983. Both alleged violations occurred as part of the state court proceedings. Plaintiff seeks injunctive relief from Judge Barlow's judicial oversight of the aforementioned litigation, statutory damages from Cullimore for violation of the FDCPA, and attorney's fees. Defendants each filed a Motion to Dismiss. Plaintiff did not respond to either motion.

## II.  DISCUSSION

A.  Judge Barlow's Motion to Dismiss

Judge Barlow asserts that dismissal is appropriate based on Federal Rules of Civil Procedure 12(b)(1) and (6) of the Federal rules of Civil Procedure. She argues she is exempt from suit under the doctrine of judicial immunity and the provisions of 42 U.S.C. § 1983. She further argues that claims against her are barred under the *Younger Abstention* doctrine, the *Rooker-Feldman* doctrine, and Eleventh Amendment immunity. The Court agrees that Judge Barlow is entitled to judicial immunity and that Plaintiff's claims against her are barred by the *Rooker-Feldman* doctrine.

Judicial immunity stipulates that judges are free to act without fear of personal consequences while exercising their judicial authority.[5] "For that reason . . . 'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts.'"[6] Judicial immunity is an absolute bar from liability unless the judge acts in "complete absence of all

---

[5] *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).

[6] *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (quoting *Bradley*, 80 U.S. at 351).

jurisdiction" or the judge's action is nonjudicial.[7]

Here, Judge Barlow was plainly acting in her judicial capacity and was properly exercising jurisdiction over the case at issue. State judges regularly issue default judgments for the repayment of debts, as here. Further, the Utah Court of Appeals already considered Judge Barlow's exercise of jurisdiction and determined it was appropriate because "[Plaintiff's] general appearance vested the trial court with jurisdiction."[8] Thus, Judge Barlow is absolutely immune from suit.

The *Rooker-Feldman* doctrine prohibits "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgements."[9] Essentially, "*Rooker–Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments."[10]

This is precisely what Plaintiff is asking the Court to do here. Plaintiff requests this Court overturn the state court's decision because he claims the state court lacked jurisdiction. The Court is bound by *Rooker-Feldman* to neither review nor reject those judgments. Further, the trial court's exercise of jurisdiction was already appealed and affirmed by the appropriate appellate court, the Utah Court of Appeals.

---

[7] *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

[8] *R.C. Willey Home Furnishings v. David Jones*, No. 20130212-CA (Utah Ct. App., Mar. 23, 2015) (Order of Summary Affirmance) at 1.

[9] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[10] *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012).

B.  Cullimore's Motion to Dismiss

Cullimore argues that the Court should dismiss the case either because Plaintiff filed his Complaint after the statute of limitations had run or because he did not serve his Complaint within 90 after it was filed.  If Plaintiff filed his Complaint on September 25, 2015, Cullimore argues the claim must be dismissed pursuant to Rule 12(b)(1) because the Plaintiff did not serve Defendant within 90 days after the Complaint was filed, a violation of Rule 4(m).  In the alternative, if the Court accepts January 7, 2016, as the filing date, Cullimore argues the one year statute of limitations set out in 15 U.S.C § 1692k(d) expired before the filing.  Both of these jurisdictional arguments fail.

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant . . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[11]  Because a good cause extension is mandatory, "district courts must still preliminarily examine whether good cause for the delay exists."[12]  A *pro se* litigant is still obligated to follow the requirements of Rule 4.  A district court may not dismiss a case until after they have given the plaintiff an opportunity to show good cause.[13]  If the Plaintiff fails to show good cause, he "may still be granted a permissible extension of time within the district court's discretion."[14]  If the statute of limitations would bar a refiled action, a permissible extension is appropriate.[15]  The

---

[11] Fed. R. Civ. P. 4(m).

[12] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[13] *Self v. Autoliv, ASP*, 61 F. App'x 583, 584 (10th Cir. 2003).

[14] *Espinoza*, 52 F.3d at 841.

[15] *Id.* at 842.

Court should consider Plaintiff's *pro se* status and the potential for confusion or delay resulting from the resolution of an *in forma pauperis* petition in considering whether a permissive extension of time should be granted under Rule 4(m).[16]

If the Court rules that the Complaint was not filed until January 7, 2016, this would create a statute of limitations problem for Plaintiff. Therefore, in considering the Plaintiff's *pro se* status, the Court finds that the Complaint was filed September 25, 2015, and determines that the service deadline for Plaintiff was 90 days after the Court granted Plaintiff's motion to proceed *in forma pauperis*. This 90 day deadline mirrors Rule 4(m) and is therefore appropriate.[17] Plaintiff served Cullimore within 90 days of January 7, 2016. Therefore, neither the statute of limitations nor Rule 4 (m) is a valid basis for dismissal. Even if the Court elected to start the Rule 4 (m) clock on the day the Complaint was filed, it would not be appropriate to dismiss for failure to meet the service requirements until after Plaintiff has had an opportunity to show good cause. Plaintiff could show good cause because he was awaiting the Court's decision to allow him to proceed *in forma pauperis*. Even without good cause, the Court would extend the deadline for service for the reasons already stated.

Cullimore argues that Plaintiff's claim should nonetheless be dismissed because his Complaint does not state a claim for relief. The Court agrees, but in recognition of Plaintiff's *pro se* status, will grant him an opportunity to amend.

---

[16] *Id.* at n.8.

[17] The time period under Rule 4(m) was reduced from 120 days to 90 days in December 2015. This amendment does not alter the Court's analysis.

To state a proper claim, a plaintiff must offer "a short and plain statement of the claim showing that the pleader is entitled to relief."[18] In assessing the sufficiency of the plaintiff's allegations, we "accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff."[19] Although "[s]pecific facts are not necessary;" the statement needs to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" [20] and must "raise a right to relief above the speculative level."[21] A complaint will not rise above the speculative level unless it contains "sufficient factual matter, accepted as true to 'state a claim to relief that is plausible.'"[22] Conclusory statements do not suffice.[23]

In a Rule 12(b)(6) analysis, a court must construe a *pro se* plaintiff's allegations liberally.[24] The Tenth Circuit interprets this to mean that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[25] It does not, however, obligate the court to either "supply additional factual allegations to round out a

---

[18] Fed. R. Civ. P. 8(a)(2).

[19] *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[20] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citation ommitted).

[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

[23] *Id*.

[24] *Strepka v. Miller*, 28 F. App'x 823, 825 (10th Cir. 2001).

[25] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[26] Thus, the plaintiff maintains the burden of alleging sufficient facts on which a recognized legal claim is based, but not every fact must be described in specific detail.[27] If a *pro se* plaintiff's "factual allegations are close to stating a claim but are missing some important element," they should be allowed to amend their complaint.[28]

Congress enacted the FDCPA in 1977 with the express purpose to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[29] Generally, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."[30] Specifically, a debt collector cannot threaten to take any action that cannot "legally be taken or that is not intended to be taken."[31] Further, a debt collector cannot falsely represent or imply that documents are legal process.[32]

Even taken as true, Plaintiff's allegation that Cullimore knowingly or intentionally mailed important court documents to the incorrect address is not a fact that would entitle him to relief under § 1692e(5), (13), or any other provision of the FDCPA. Plaintiff's Complaint is devoid of any facts that suggest Cullimore threatened to take action that cannot legally be taken or that was

---

[26] *Whitney v. New Mexico,* 113 F.3d 1170, 1175 (10th Cir. 1997).

[27] *Hall*, 935 F.2d at 1110.

[28] *Id*.

[29] 15 U.S.C. § 1692(e).

[30] *Id.* § 1692e.

[31] *Id.* § 1692e(5)

[32] *Id*. § 1092e(13).

8

not intended to be taken, or that Cullimore falsely represented that documents were legal process. Hence, Plaintiff fails to plead any facts to support his claim and it is impossible for Cullimore to know the grounds upon which Plaintiff's claim rests. Because the Court is not obligated to supply additional factual allegations to round out the Plaintiff's Complaint, there are no grounds to support a violation of the FDCPA and his claim is dismissed without prejudice. However, given Plaintiff's *pro se* status, he is granted an opportunity to amend.

C. Plaintiff's Motion for ADR

Instead of responding to Defendants' Motions to Dismiss, Plaintiff requested this matter be sent to arbitration or mediation. Because the Court dismisses all of Plaintiff's claims, there is no case to refer to mediation or arbitration and the Plaintiff's Motion for ADR will be denied.

### III. CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 5 and 7) are GRANTED. It is further

ORDERED that Plaintiff's Motion for ADR (Docket No. 8) is DENIED. Plaintiff is directed to file an Amended Complaint within thirty (30) days of this order. Failure to do so may result in dismissal.

DATED this 11th day of August, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge