IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID JONES,<br><br>                   Plaintiff,<br><br>v.<br><br>LAW OFFICES OF KIRK A. CULLIMORE, LLC, and HONORABLE CHARLENE BARLOW,<br><br>                   Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFEDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:15-CV-694 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion to Dismiss filed by The Law Offices of Kirk A. Cullimore, L.L.C. (the "Defendant"). Plaintiff has failed to respond to Defendant's Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

R.C. Willey Home Furnishings ("R.C. Willey"), through Defendant, filed a Complaint against Plaintiff in the Utah Third District Court on January 29, 2012. Judgment for R.C. Willey was entered on February 7, 2013, and Plaintiff, proceeding *pro* se, appealed. Plaintiff argued that he did not receive notice of R.C.Willey's motion for summary judgment. The Utah Court of Appeals remanded the case to allow Plaintiff to respond to the motion for summary judgment.

On remand, Judge Barlow, the judge overseeing the action, entered a default judgment against Plaintiff on November 3, 2014, for his failure to appear at a pretrial conference. Plaintiff appealed; however, the Utah Court of Appeals affirmed the lower court.

Subsequently, Plaintiff filed a Complaint in this Court against Defendant and Judge Barlow. The Complaint against Judge Barlow was dismissed under the doctrine of judicial

1

immunity and the provisions of 42 U.S.C. § 1983.  The Court allowed Plaintiff an opportunity to amend his Complaint against the Law Offices of Kirk A. Cullimore.

Plaintiff's Amended Complaint alleges two causes of action: (1) false or misleading representations under 15 U.S.C. § 1692e(10); and (2) unfair practices under 15 U.S.C. § 1692f.  Defendant responded with a Motion to Dismiss the Amended Complaint.  Plaintiff failed to respond to the Motion.

## II.  MOTION TO DISMISS STANDARD

A Motion to Dismiss is appropriate when there is a failure to state a claim.[1]  "A court must accept as true all well-pleaded facts as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the nonmoving party."[2]  The Complaint must include "enough facts to state a claim to relief that is plausible on its face"[3] and does not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

## III.  DISCUSSION

A.  COUNT I: FALSE OR MISLEADING REPRESENTATION UNDER 15 U.S.C. § 1692E(10)

Section 1692e(10) states that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Plaintiff alleges that Defendant twice mailed court documents to him at an incorrect address.  Plaintiff claims, without offering any factual support, that "Cullimore had full knowledge of the correct mailing address Plaintiff provided in Nevada, but with the intent to

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

deprive the Plaintiff the opportunity to contest the attorney fee affidavit and judgment, he knowingly sent it to the wrong mailing address."[5]

The actions taken by Defendant do not violate 15 U.S.C. § 1692e(10) because mailing a court order to an incorrect address does not constitute "false representation or deceptive means" under the statute. Therefore, the Court will grant Defendant's Motion and dismiss Plaintiff's claims against Defendant.

B.   COUNT II: UNFAIR PRACTICES UNDER 15 U.S.C. § 1692F

Count II of the Amended Complaint alleges that Defendant violated 15 U.S.C. § 1692f which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

Plaintiff does not state a claim for relief that is plausible on its face under Count II.[6] Plaintiff states conclusory allegations throughout the Amended Complaint[7] that do not rise to the level of "plausibility of 'entitlement to relief.'"[8] Therefore, the Court will grant Defendant's Motion and dismiss Plaintiff's claims against Defendant.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 19) is GRANTED. The Clerk of the Court is directed to close this case forthwith.

---

[5] Docket No. 18 ¶10.

[6] *Iqbal*, 556 U.S. at 678.

[7] *See* Docket No. 18 ¶¶10–13, 19, 27.

[8] *Iqbal*, 556 U.S. at 678.

DATED this 14th day of February, 2017.

                                          BY THE COURT:

                                          _____
                                          Ted Stewart
                                          United States District Judge